**United States District Court**
**for the District of Colorado**

| | |
|---|---|
| CAMELBACK GROUP,<br>a Colorado corporation,<br><br>PLAINTIFF(S),<br><br><br>BEN TURNAGE, DELL CAPITAL PARTNERS, L.P., a Mississippi Limited Partnership, and HEARTLAND DEVELOPMENT COMPANY, LLC, a Mississippi limited liability corporation,<br><br>DEFENDANT(S). | CASE NO. 06-cv-00096 RPM-OES<br><br>ANSWER AND COUNTERCLAIM |

COME NOW the Defendants, Dell Capital Partners, L.P. and Heartland Development Company, hereinafter ("Defendants"), by and through their counsel, Minor & Brown, P.C., and for their Answer state and allege as follows:

Defendant Ben Turnage has filed a separate Motion to Dismiss and is not filing an Answer, nor is he a party to the Counterclaim.

## PARTIES

1. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore deny the same.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

## JURISDICTION AND VENUE

1. The allegations in Paragraph 1 allege a legal conclusion and no response is required. The contract speaks for itself. Defendants deny the remaining allegations of Paragraph 1.

2. The allegations in Paragraph 2 allege a legal conclusion and no response is required. The contract speaks for itself. Defendants deny the remaining allegations of Paragraph 2.

{SJC64491}

## FACTUAL ALLEGATIONS

1. The Plaintiff and the Defendants entered into a contract ("Contract") attached as Exhibit "A" hereto. The contract speaks for itself. Defendants deny the remaining allegations of Paragraph 1.

2. The contract speaks for itself. Defendants deny the allegations of Paragraph 2.

3. The contract speaks for itself. Defendants deny the allegations of Paragraph 3.

4. The contract speaks for itself. Defendants deny the allegations of Paragraph 4.

5. The contract speaks for itself. Defendants deny the allegations of Paragraph 5.

6. Defendants deny the allegations of Paragraph 6.

7. Defendants deny the allegations of Paragraph 7.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

8. Defendants incorporate by reference their responses to Paragraphs 1 through 7 above, as if fully stated herein.

9. Defendants deny the allegations of Paragraph 9.

10. The contract speaks for itself. Defendants deny the allegations of Paragraph 10.

11. Defendants deny the allegations of Paragraph 11.

## SECOND CLAIM FOR RELIEF
### (Quantum Merit/Unjust Enrichment)

12. Defendants incorporate by reference their responses and answers to Paragraphs 1 through 11 above, as if fully stated herein.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants deny the allegations of Paragraph 14.

{SJC64491}

15.   Defendants deny the allegations of Paragraph 15.

16.   Defendants deny the allegations of Paragraph 16.

17.   Defendants deny the allegations of Paragraph 17.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Misrepresentation)

18.   Defendants incorporate by reference their responses to Paragraphs 1 through 17 above, as if fully stated herein.

19.   Defendants deny the allegations of Paragraph 19.

20.   The contract speaks for itself.  Defendants deny the allegations of Paragraph 20.

21.   Defendants deny the allegations of Paragraph 21.

22.   Defendants deny the allegations of Paragraph 22.

23.   Defendants deny the allegations of Paragraph 23.

## FOURTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)

24.   Defendants incorporate by reference their responses to Paragraphs 1 through 23 above, as if fully stated herein.

25.   Defendants deny the allegations of Paragraph 25.

26.   Defendants deny the allegations of Paragraph 26.

27.   The contract speaks for itself.  Defendants deny the allegations of Paragraph 27.

28.   The contract speaks for itself.  Defendants deny the allegations of Paragraph 28.

29.   Defendants deny the allegations of Paragraph 29.

30.   Defendants deny the allegations of Paragraph 30.

## SIXTH CLAIM FOR RELIEF
### (Promissory Estoppel)

31. Defendants incorporate by reference their responses to Paragraphs 1 through 30 above, as if fully stated herein.

32. The contract speaks for itself. Defendants deny the allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

## SEVENTH CLAIM FOR RELIEF
### (Punitive Damages)

35. Defendants incorporate by reference their responses to Paragraphs 1 through 34 above, as if fully stated herein.

36. Defendants deny the allegations of Paragraph 36.

37. All allegations in the Complaint not specifically admitted are denied.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by its unclean hands.

3. Plaintiff's Complaint is barred by the statute of limitations.

4. Plaintiff's Complaint is barred by the doctrine of latches.

5. Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

6. Plaintiff's Complaint is barred by the statute of frauds.

7. Plaintiff's Complaint is barred because it has not performed all conditions precedent and required by the contract.

8. Plaintiff breached its fiduciary duties to the Defendants and is not entitled to the payments claimed.

{SJC64491}

9. Plaintiff is estopped from asserting the allegations in its Complaint by reason of its own acts, omissions, representations and conduct, upon which Defendants relied to their prejudice and detriment.

10. Plaintiff is not entitled to recover punitive or exemplary damages, and any allegations with respect thereto must be stricken.

11. Plaintiff's Complaint, in each and every cause of action for relief it contains, is barred because Plaintiff failed to perform all obligations, conditions, promises and covenants on its part to be performed under the contract and those obligations, conditions, promises and covenants have not been excused, terminated or waived by any act or omission of the Defendants.

12. Plaintiff's Complaint, in each and every cause of action for relief it contains, is barred because Defendants exercised reasonable care with the conduct ascribed to them and, as a result, did not make any untruthful, misleading or false statements to the Plaintiff.

13. Plaintiff's Complaint, in each and every cause of action for relief it contains, is barred because the damage caused to the Plaintiff, if any, was proximately caused by Plaintiff's own fraud or other bad faith acts.

14. Plaintiff's Complaint, in each and every cause of action for relief it contains, is barred because the Defendants' actions were justified and/or privileged.

15. Plaintiff's Complaint, in each and every cause of action for relief it contains, is barred because Plaintiff was and is a sophisticated business entity and that Plaintiff knew, or in the ordinary care, should have known of the risks in the undertaking in which it engaged, but nevertheless and with full knowledge of these risks did voluntarily consent to assume the risks involved.

16. Plaintiff's Complaint, in each and every cause of action for relief it contains, is barred because there was no justifiable or actual reliance by the Plaintiff on any representations or omissions made by the Defendants, if there were any.

17. Plaintiff's Complaint, in each and every cause of action for relief it contains, is barred because the contract between the Plaintiff and Defendants was a fully integrated contract.

18. Plaintiff's Complaint, in each and every cause of action for relief it contains, is barred because Plaintiff received the full benefit of its bargain.

19. Plaintiff's Complaint, in each and every cause of action for relief it contains, is barred by the doctrine of anticipatory repudiation.

{SJC64491}

Having fully answered, Defendants request Plaintiff's Complaint be dismissed, that Plaintiff take nothing by it, and that the Defendants be awarded costs and such other and further relief as the Court seems just.

## COUNTERCLAIM

Having fully responded to the Complaint filed by the Plaintiff, and as a further response thereto, Defendants, pursuant to Rule 13 of the Federal Rules of Civil Procedure, file this counterclaim:

1. Counterclaimants are seeking to join an additional party, Peter Kirn, as a Counterclaim Defendant pursuant to F.R.Civ.Pro.13(h).

2. The Court has statutory supplemental jurisdiction over Peter Kirn under F.R.Civ.Pro.13(h) and F.R.Civ.Pro.19.

3. The Counterclaimants are complying with the service requirements of F.R.Civ.Pro.4 and 5.

## PARTIES

1. Upon information and belief, Counterclaim Defendant Camelback Group is a Colorado Corporation doing business in Greenwood Village, Colorado.

2. Upon information and belief, Counterclaim Defendant Peter Kirn is a resident of the State of Colorado.

3. Counterclaimant Dell Capital Partners, L.P. is a Limited Partnership with its principal place of business located in Jackson, Mississippi.

4. Counterclaimant Heartland Development Company, LLC, is a Limited Liability Company with its principal place of business located in Jackson, Mississippi.

## FACTUAL ALLEGATIONS

1. On or about October 2004, Counterclaim Defendant's principal, Peter Kirn, hereinafter ("Kirn") was introduced to Counterclaimants by one Wael Salam ("Salam"). Salam was working with Counterclaimants as an independent contractor on a full-time basis to secure financing for various projects. Kirn represented to Salam and Counterclaimants that he was the principal of Camelback Group and that he had the expertise and contacts to facilitate the placement of capital for Counterclaimants. Kirn also represented that he had done many similar placements that were real estate related and that he was confident in his contacts and his ability to make the placements.

2. Kirn also represented to the Counterclaimants that the larger the initial funding request, the easier it would be for him to facilitate the placement of the funds.

{SJC64491}

3. Kirn also represented to Plaintiffs that he had more experience in real estate placement and that he would be successful in placing capital with his real estate contacts.

4. Based on these representations, Counterclaimants agreed to use Camelback Group and Kirn to secure financing for a separate energy project.

5. Salam was also engaged by Counterclaimants to secure capital funding. One of the contacts developed by Salam was David Radman. David Radman sits on the board of Texans Commercial Credit.

6. In December 2004, David Radman met informally with Salam and Ben Turnage, in Dallas. The purpose of the meeting was to introduce David Radman to Ben Turnage. At that meeting, there were preliminary and general discussions concerning private placements for real estate and energy projects.

7. On approximately January 26, 2005, Salam initiated a formal contact with David Radman requesting consideration for funding separate real estate project for Counterclaimants. Thereafter, Salam and David Radman exchanged information regarding the real estate project and David Radman ultimately presented the project to the board of Texans Commercial Credit.

8. In January 2005, Kirn's contacts for financing of the energy project were exhausted and none had shown definitive interest in the project. Kirn represented to Counterclaimants that he had successfully secured real estate financing and could be of help on that separate project. Counterclaimants requested that Kirn focus on the real estate project and use his contacts to secure financing.

9. In January, the Counterclaimants, through Salam, produced a Master Booklet – Executive Summary ("Summary") for the real estate project to assist Salam and Kirn in securing funding for $53 million. This summary was given to Kirn who was to provide it to his list of contacts. The summary outlined the real estate project and the capital funding necessary to finance the project, and identified which party had originated the contract.

10. Kirn stated that he was interested in assisting the Counterclaimants with this real estate placement, but that he required Counterclaimants to sign an engagement letter, ("contract"). Kirn drafted the contract, dated February 5, 2005, attached as Exhibit "A" to the Complaint, and tendered it to the Counterclaimants. Counterclaimants made one minimal revision to the language in the contract, signed it and returned it to Kirn.

11. Kirn began to make contacts with his capital financing sources and contacts for the real estate project, but was unable to secure any placements for funding. At Kirn's request, Salam modified the Summary by reducing the amount of the

{SJC64491}

funding request, which was then given to Kirn to provide to his funding contacts.

12. In May 2005, Kirn told Salam that he had "tapped out his contacts" and had no ability to assist the Counterclaimants further with securing funding for the real estate deal. Kirn congratulated Salam in securing funding from the "Texans" and had no further involvement from that point forward.

13. Ultimately, funding for the real estate project was secured through the original contact of Salam's, David Radman, as well as from a direct funding source by Counterclaimants' principal Ben Turnage in Jackson, Mississippi. The ultimate funding sources for the real estate deal did not originate with either Kirn or Camelback Group. Neither Kirn or Camelback had any contact with, knowledge of, or involvement with Texans Commercial Credit or David Radman, or the local funding source in Jackson, Mississippi.

14. In August 2005, the real estate project was funded. The structure of the funding that was ultimately consummated was significantly different than the original Summary or the modified Summaries that were the premise of the agreement with Kirn.

## FIRST CLAIM OF RELIEF
### (Fraudulent Misrepresentation – Peter Kirn)

15. Counterclaimants incorporate by reference paragraphs 1 through 14 of the Counterclaim, as if fully stated herein.

16. Counterclaim Defendants owe Counterclaimants a duty of good faith, fair dealing and honesty.

17. Counterclaim Defendant Kirn, on behalf of Camelback Group, represented to Counterclaimants through their principal Ben Turnage, that he was qualified and experienced in securing the placement of capital for real estate projects. Kirn also represented that he had made private equity placements and that it was easier to make such placements if the size of the deal was significant.

18. At the time of the representations and when Counterclaimants entered into the contract with Kirn, Kirn knew that his representations were false.

19. The statements by Kirn were materially false when made and he made such representations knowing that Camelback Group and Kirn could not honor the contract as negotiated.

20. With the intent that the Counterclaimants would rely on the representations, Counterclaimants committed funding, time and resources to the contacts identified by Counterclaim Defendants as possible funding sources.

{SJC64491}

21. Counterclaimants were ignorant of the falsity of the representations at the time they were made because of the business relationship between the parties.

22. Counterclaimants had the right to rely on such representations and did so rely in executing the contract.

23. Counterclaimants, through their principal Ben Turnage, reasonably relied on Kirn's representations and expected him to secure funding for the private placement of the real estate project.

24. Counterclaimants have been damaged by Kirn's fraudulent misrepresentations in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation – Peter Kirn)

25. Counterclaimants incorporate by reference paragraphs 1 through 24 of the Counterclaim, as if fully stated herein.

26. Kirn, on behalf of Counterclaim Defendant Camelback Group, represented to Counterclaimants through their principal Ben Turnage, both verbally and in the contract, that he was eminently qualified to secure private placement funding for the real estate project.

27. Kirn, on behalf of Camelback Group, owed the Counterclaimants a duty of good faith, fair dealing and honesty.

28. Counterclaim Defendant Camelback Group and Kirn, on behalf of Camelback Group, breached their duties by negligently misrepresenting to Counterclaimants that they had the expertise and the contacts to secure private placement funding, both verbally and through the representations in the contract.

29. At the time of such verbal representations and upon entering into the contract, Camelback Group and Kirn, on behalf of Camelback Group, knew that their expertise and contracts were not sufficient to secure the kind of funding required for the real estate project.

30. Counterclaimants reasonably relied upon the Camelback Group and Kirn's negligent misrepresentation by entering into the contract.

31. Counterclaimants have been damaged by the negligent representations of Camelback Group and Kirn in an amount to be proven at trial.

{SJC64491}

## THIRD CAUSE OF ACTION
### (Breach of Contract – Camelback Group)

32.     Counterclaimants incorporate by reference paragraphs 1 through 31 of the Counterclaim, as if fully stated herein.

33.     Counterclaim Defendant Camelback Group and Kirn, on behalf of Camelback Group, breached the contract in one or more of the following particulars:

   a)   By voluntarily abandoning the contract in May 2005 by stating that they had exhausted their funding contacts; and

   b)   By failing to take any further actions to develop additional funding sources after May 2005;

34.     Counterclaimants fulfilled their responsibilities under the terms of the contract with Camelback Group by investing significant monies in facilitating meetings, providing contacts and information to funding sources identified by Camelback Group and Kirn.

35.     The Counterclaim Defendant's voluntary abandonment of the contract caused damages to the Counterclaimants in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty – Peter Kirn)

36.     Counterclaimants incorporate by reference paragraphs 1 through 35 of the Counterclaim, as if fully stated herein.

37.     Counterclaim Defendant Kirn breached his fiduciary duty as the agent of Counterclaimants with a duty to secure capital financing for the real estate project by:

   a)   Failing to honor the terms of the existing contract;

   b)   Failing to inform the Counterclaimants of his inability to perform the contract; and

   c)   Dealing with the Counterclaimants in bad faith.

38.     As a direct result of the Counterclaim Defendant's breach of the fiduciary duties owed to the Counterclaimants in his capacity as an agent, Counterclaimants have suffered damages.

{SJC64491}

WHEREFORE, Plaintiffs pray for relief as follows:

1. For damages in an amount to be proven at trial;

2. For an award of pre judgment interest;

3. For an award of post judgment interest;

4. For punitive damages in an amount to be proven at trial;

5. For an award of fees and costs; and

6. For such further relief as the Court deems just and equitable.

Dated this 25 day of January, 2006.

RESPECTFULLY SUBMITTED,

MINOR & BROWN, P.C.

/s/ Kim L. Ritter
Kim L. Ritter, Esq., #22725
Minor & Brown, P.C.
650 South Cherry Street, Suite 1100
Denver, CO 80246
Telephone: 303/320-1053
FAX: 303/320-6330
E-Mail: kritter@minorbrown.com
Attorney for Defendants Dell Capital Partners, L.P. and Heartland Development Company, LLC

{SJC64491}

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of January, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    burtwherry@juno.com

/s/ Kim L. Ritter
Kim L. Ritter, Esq., #22725
Minor & Brown, P.C.
650 South Cherry Street, Suite 1100
Denver, CO 80246
Telephone: 303/320-1053
FAX: 303/320-6330
E-Mail: kritter@minorbrown.com
Attorney for Defendants Dell Capital Partners, L.P. and Heartland Development Company, LLC

{SJC64491}