## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00096 RPM

CAMELBACK GROUP,
a Colorado corporation,

        Plaintiff,

v.

BEN TURNAGE, DELL CAPITAL PARTNERS, L.P., a Mississippi Limited Partnership, and
HEARTLAND DEVELOPMENT COMPANY, LLC, a Mississippi limited liability corporation,

        Defendants,

v.

PETER KIRN,

        Counterclaim Defendant.
_____

## STIPULATED PROTECTIVE ORDER
_____

The parties enter to this Stipulated Protective Order because discovery in this action involves or may involve the disclosure of highly sensitive documents, material, and information potentially entitled to protection under F.R.C.P. 26(c).

IT IS HEREBY ORDERED THAT the following terms and conditions shall apply to all documents, material and information disclosed by the parties in the course of discovery in this action that any party may deem to be potentially entitled to protection under F.R.C.P. 26(c):

{SJC72022}

**(a)** "Confidential Information" shall mean:

**(i)** Business or Financial information including, but not limited to, confidential corporate communications, minutes or agendas of corporate or board meetings, tax returns, bills, bank statements, investment statements, marketing information, business systems, strategic business analyses, summaries, portfolio summaries, statements and reports, and all other similar documents not generally made available to the public;

**(ii)** Employment information including, but not limited to, applications, personnel files, employment agreements including separation or severance agreements, policy manuals, performance evaluations, salary, compensation, or benefit information, memos, letters and all other similar documents not generally made available to the public;

**(iii)** Private information of a personal nature not generally made available to the public;

**(iv)** All information including documents, writings or any other thing—tangible or intangible—in which, through the production thereof, the Party making the production of such information specifically identifies or designates such information as confidential; and

**(v)** Summaries, copies, abstracts, or other information shall be used and designated as Confidential Information whenever such documents are derived in whole or in part from material designated as Confidential Information.

{SJC72022}

**(b)** "Restricted Confidential Information" shall mean documents, writings or any thing—tangible or intangible—that contains information that a Party believes in good faith reveals sensitive, competitive, proprietary, trade secret or other information of a highly sensitive nature about the Party that the Party designates as "Restricted Confidential" in accordance with this Order, as well as all documents, information and statements (oral or written) derived from, containing or referring to such Restricted Confidential Information.

1. <u>Designation of Information Produced in Discovery as "Confidential Material."</u> In responding to discovery propounded herein, any party may designate any document, material, or information produced by it as "Confidential Material". In the case of documents, stamping the word "confidential" on all pages of any document so designated, in a conspicuous place shall make such designation. In the case of deposition testimony, such designation shall be made in accordance with paragraph eight herein. Machine-readable media and other non-documentary material shall be designated as Confidential Material by some suitable and conspicuous means, given the form of the particular embodiment. Inadvertent failure to designate materials as "confidential" at the time of production may be remedied at any time thereafter by supplemental written notice. Upon the service of such notice, the identified materials shall thereafter be subject to this Order. The disclosure of the affected documents, materials or information before the service of such notice shall not constitute a violation of this Order and shall not obligate any recipient of the documents, materials or information to take any action to provide a remedy related to such prior disclosure. The

{SJC72022}

designation of material as Confidential Material, in the manner described hereunder, shall constitute a certification by the attorney making such designation that he or she in good faith believes the material to be entitled to protection under F.R.C.P. 26(c).

2. <u>Challenges to Designation of Information Produced in Discovery as "Confidential Material."</u>  Any party desiring to challenge a designation of confidential material under this paragraph may do so by contracting counsel for the designating party in writing, and attempting first to resolve any dispute by mutual agreement.  In the event that the parties cannot resolve their dispute as to such designation of allegedly confidential material, the Producing Party may file a motion for a protective order regarding the information within 30 days after communication of the notice from the Requesting Party.  If the Producing Party files such a motion, the Requesting Party shall continue to protect the information until the court rules on the Producing Party's motion.  If the Producing Party fails to file a motion within 30 days of notice, the Requesting Party shall have no further obligation to preserve the confidentiality of the information.

3. <u>Treatment of Confidential Material</u>.  All documents, material, and information designated as Confidential Material under paragraph two herein shall be treated in accordance with the provisions of this Order until such designation has been released by the party making it or by order of the Court.

4. <u>Disclosure of Confidential Material in General</u>.  Except as set forth herein, neither the contents nor the substance of Confidential Material may be disclosed to anyone other than the parties and their representatives, the law firms and persons

{SJC72022}

providing services within said law firms who represent the parties, court reporters and videographers used for depositions in the case, photocopiers, and experts and consultants who assist the law firms in the analysis of the evidence and/or presentation of the case.

5. <u>Disclosures of Confidential Material to Outside Experts or Consultants</u>.  Upon the good faith determination by an attorney representing a party that he needs to consult experts or consultants who have been retained for the purpose of this proceeding with respect to particular Confidential Material, regardless of whether the Confidential Material was produced and designated as such by the party represented by the attorney or by an opposing party, such documents may be disclosed to such persons provided that prior to disclosure of any Confidential Material to such person, such person shall sign a Statement Regarding Confidentiality in the form attached hereto as Exhibit A, stating the signatory's full name, address, and present employer, and acknowledging his or her understanding of the terms of this Stipulated Protective Order and his or her agreement to be bound by its terms.  Each such signed statement shall be retained by the attorney disclosing any Confidential Material pursuant to this paragraph six.

6. <u>Use of Confidential Material</u>.  Any person who receives or is afforded access to any Confidential Material pursuant to the provisions of this Stipulated Protective Order shall neither use nor disclose said Confidential Material for any purpose other than the preparation for the conduct of this proceeding, <u>Camelback Group v. Ben</u>

{SJC72022}

<u>Turnage, et al. v. Peter Kirn</u>, Civil Action No. 06-cv-00096, In the United States District Court for the District of Colorado, and then solely as contemplated herein.  Furthermore, such person shall take all reasonable precautions to maintain the confidentiality of such Material.

7. <u>Confidential Material at Deposition</u>.  Information disclosed at depositions taken in this Action may be designated as Confidential Material by the party disclosing such information by indicating on the record at the deposition the specific topics containing confidential information, and that said testimony contains Confidential Material or by providing written notice to opposing counsel of the intent to designate such information as "confidential" within ten days of receiving the transcript of the deposition.  The original deposition containing the designated testimony shall be marked as "confidential" and sealed by the court reporter and treated as Confidential Material under the terms of this Order.  The copy of the deposition shall be marked "confidential" but not sealed.

8. <u>Court Filings of Confidential Material</u>.  If any transcripts of depositions, answers to interrogatories, motions, brief, documents produced, or other pleadings that are to be filed with the Court include copies of the Confidential Material subject to this Order or summarize material from such documents, the party causing the Confidential Material to be filed shall file it in appropriate folders that are sealed and endorsed with the legend: "Confidential-Filed Under Seal-Not to be Opened Except by Authority of the Court" and in accordance with the requirements of D.C.COLO.LCivR 7.2 and 7.3.

{SJC72022}

9. <u>Return of Destruction of Confidential Material</u>.  Within thirty days of termination of this action, including all appeals, counsel for parties in possession of Confidential Material shall cause all such Confidential Material produced in this action by an opposing party, including copies, extracts and summaries, to be destroyed or returned to counsel for the Producing Party.  Counsel for the Requesting Party shall certify to the Producing Party in writing that it has fulfilled the obligation imposed by this paragraph.

10. <u>Preservation of Claims of Privilege</u>.  Nothing herein shall in any respect constitute a waiver of any attorney-client or work product privilege of any party, nor does any provision herein affect the right of any party to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination o the Court regarding said confidentiality or privilege.  Further, nothing contained herein is intended to broaden the scope of information that would be entitled to protection under F.R.C.P. 26.

11. <u>Modification</u>.  Each party reserves the right to move to modify the terms of this Stipulated Protective Order for good cause.

12. <u>Retained Jurisdiction</u>.  The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

13. <u>Duty of Counsel</u>.  Counsel are charged with the responsibility of advising their partners, associate attorneys, and all attorneys performing work for the law firms, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this proceeding to whom disclosure of restricted Confidential Material may be made pursuant to this Order, of the terms of this Order and their obligations thereunder.

14. <u>Conference Between Counsel for Parties</u>.  Pursuant to C.R.C.P. 26(c), Kim L. Ritter, Minor & Brown, P.C., 650 S. Cherry Street, Suite 1100, Denver, Colorado 80246, counsel for Defendants, and Burton I. Wherry, Wherry & Carlstad, LLC, 425 South Cherry Street, Suite 920, Denver, Colorado 80246, counsel for the Plaintiff and Counterclaim Defendant, have conferred in good faith and agreed to the submission of this Stipulated Protective Order to the Court in this action for the reason of good cause set forth herein to protect parties and/or persons from annoyance, embarrassment, oppression, or undue burden or expense and that discovery be conducted pursuant to the specific methods and protection set forth in this Order.

15. <u>Relief from Protective Order.</u>  In the event any party finds it necessary to seek relief from the enforcement of the terms of this Protective Order, the party seeking relief may petition the court for such relief pursuant to the Federal Rules of Civil Procedure.

Dated this 10th day of July, 2006.

                                                BY THE COURT

                                                s/Richard P. Matsch

                                                U.S. District Court Judge

STIPULATED AND AGREED TO THIS 19th DAY OF July, 2006, BY THE UNDERSIGNED COUNSEL FOR THE PARTIES

| Counsel for Defendants | Counsel for Plaintiff and Counterclaim Defendant |
|---|---|
| s/Kim L. Ritter_____ | s/Burton I. Wherry_____ |
| Kim L. Ritter | Burton I. Wherry |
| MINOR & BROWN, PC | WHERRY & CARLSTAD, LLC |
| 650 South Cherry Street | 425 South Cherry Street |
| Suite 1100 | Suite 920 |
| Denver, Colorado 80246-1813 | Denver, Colorado 80246 |
| Telephone: 303-320-1053 | Telephone: |
| Facsimile: 303-320-6330 | Facsimile: 303-399-0323 |
| kritter@minorbrown.com | burtwherry@juno.com |

{SJC72022}

**EXHIBIT A**

<u>Camelback Group v. Ben Turnage, et al. v. Peter Kirn</u>
Civil Action No. 06-cv-00096
In the United States District Court for the District of Colorado

<u>STATEMENT REGARDING CONFIDENTIALITY</u>

The undersigned has read the Stipulated Protective Order, understands its contents, and shall undertake to make no disclosures of discovery materials marked "confidential" to any person who is not permitted to have access to the information under this Order.  In addition, the undersigned agrees not to use confidential discovery material for any purpose other than in connection with the above-captioned Action.  The undersigned submits to the jurisdiction of the Court for the purpose of enforcement of the Order.  The undersigned understands that a violation of this undertaking may be punishable as a contempt of court.

Dated this _____ day of July, 2006.

                                         Signature
                                         Name:_____
                                         Address:_____

                                         Present Employer:_____


STATE OF COLORADO   )
                           )
COUNTY OF _____)

Subscribed, sworn to, and acknowledged before me this _____ day of July, 2006 by _____.

Witness my hand and official seal.

[SEAL]

                                         Notary Public

My commission expires:

{SJC72022}